## COUNTY OF ANDROSCOGGIN.

† HOUGHTON & *als. versus* LYFORD & *als.*

To prevent a breach of the condition of a poor debtor's bond, by making a disclosure and taking the oath prescribed by law, the proceedings must be had before justices of the peace and quorum of that county in which the arrest was made.

But where, before any breach of the conditions of his bond, the poor debtor is allowed to take the oath prescribed, before justices of the peace and quorum of another county than that wherein the arrest was made, in a suit upon the bond, the creditor can only recover the real and actual damage by such breach.

Whether justices of the peace and quorum, living in another county than that in which they were appointed, may, before the term of their commissions has expired, exercise jurisdiction under their commissions; *quere.*

ON REPORT from *Nisi Prius,* RICE, J., presiding.

DEBT, on a poor debtor's relief bond. The brief statement alleged a performance of one of the conditions of the bond.

The principal debtor lived, was arrested and gave the bond sued, in the county of Cumberland. Soon after, that part of the county of Cumberland in which he lived was set off and formed a part of the new county of Androscoggin.

In the life of the bond he cited the creditors, disclosed · and was permitted to take the oath referred to in his bond, before two justices of the peace and quorum, for the county of Androscoggin. But they lived in that part of the county of Androscoggin which was formerly in Cumberland, and were commissioned as such justices for the county of Cumberland, being authorized to act in their official capacity for the county of Androscoggin, only by virtue of the Act incorporating the new county.

The disclosure made a part of the case.

It was agreed that the Court might draw inferences as a jury, and enter such judgment as the law requires.

*Morrill & Fessenden,* for defendants. 1. The justices were in fact justices of the peace and quorum of the county of Cumberland, where the debtor was arrested, although it does not appear from the record that they acted as such. The Act establishing Androscoggin deprives these justices of no former power.

2. But if there is a breach, the plaintiffs have suffered no damage. *Hathaway* v. *Stone & al.,* 33 Maine, 500.

*Record,* for plaintiffs, cited R. S., c. 148, § § 21, 24; *Haskell* v. *Green,* 15 Maine, 33; *Fales* v. *Goodhue,* 25 Maine, 423; *Knight* v. *Norton,* 15 Maine, 337; *Barnard* v. *Bryant,* 21 Maine, 206.

The justices had no jurisdiction. Constitution of Maine, art. 5, § 8.

TENNEY, J. — The arrest of the principal obligor in the bond was made in the county of Cumberland, before the establishment of the county of Androscoggin. The disclosure was made and the oath taken by him before two justices of the peace and quorum, for the county last named, after the Act creating it had gone into full effect, as appears by the certificate, introduced in defence. It is a material question, whether these magistrates had the jurisdiction, which they assumed to exercise, so that their certificate is

Houghton *v.* Lyford.

evidence of a performance of one of the conditions of the bond. We think they had no such jurisdiction.

A person, who has given bond upon arrest, on execution, may make application in writing to any justice of the peace of the county in which he is arrested, to have the privilege and benefit of the oath, &c., and the examination shall be had before two justices of the peace and quorum, "for the county." R. S., c. 148, § § 21 and 24. From this it is manifest, that the debtor is to have the examination before magistrates, authorized to act in the county, in which the arrest was made; and he cannot cite his creditor and be heard with effect before those for any other county.

The arrest of the debtor having been made in the county of Cumberland, it was wholly immaterial, whether it was in one part or another of that county, as it was then constituted, so far as his subsequent rights and obligations were concerned. He could have cited his creditor, and have been examined by any magistrates of that county authorized for such a purpose. Nothing is found in any statute enacted since the arrest, which takes from the debtor the right to be heard before magistrates of the county of Cumberland; or which confers upon him the power, to be examined before those of any other, and thereby to fulfill one of the conditions of the bond by taking the oath. It follows, that the oath to be effectual, should be administered by justices of the peace and quorum, for the county of Cumberland.

When the law establishing the county of Androscoggin went into effect, the former lines of the county of Cumberland, so far as they were changed by that law, ceased to exist in reference to any thing future, not provided for to the contrary. The sheriff and other executive officers, commissioned before, for that county, could have no authority afterwards beyond its new boundaries. All judicial officers were under equal restrictions. A justice of the peace or a justice of the peace and quorum, commissioned for the county of Cumberland, as it formerly was, who should fall into the limits of the county of Androscoggin, upon its or-

ganization, would have no greater authority to perform judicial acts in the former county, as now constituted, than he would have, if he resided in any other part of the State. How far any justice of the peace and the quorum may legally exercise jurisdiction under a commission, not having expired by its terms, for one county, in the performance of acts required to be done in, or by magistrates for that county, when he does not reside therein, is not important to decide in this case; for those, who have signed the certificate introduced, have taken no jurisdiction, excepting as justices of the peace and quorum of the county of Androscoggin. And their acts, purporting to have been done by them under their authority as magistrates of that county, cannot be treated as having been performed by virtue of any jurisdiction, which they had power to exercise, as justices of the peace and quorum in the county of Cumberland, under the commissions which they held previous to the change of the limits thereof, even if they had the right to the exercise of such jurisdiction, which may be doubted.

Nothwithstanding the breach of the condition of the bond, the case falls within the provisions of the statute of 1848, c. 85, § 2, which restricts the damages to the amount, which shall be the real and actual damage.

The only evidence before the Court upon the question of damages, is the disclosure of the debtor, and the documents annexed thereto. From this evidence, the Court is satisfied, the plaintiffs have sustained no damage, and no costs can be allowed either party. Statutes of 1848, c. 85, § 3. The judgment to be entered is, that the instrument declared on, is the deed of the defendants; that the condition thereof has not been performed; but the plaintiffs have sustained no damage by reason of the breach thereof, and neither party recovers costs.